IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY E. KIBLER, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO.  02-CV-3010 |
| v. | : | |
| | : | |
| WORLD FINANCIAL NETWORK | : | |
| NATIONAL BANK, | : | |
| | : | |
| Defendant | : | |

## **O R D E R**

AND NOW, this _____ day of _____, 2002, upon consideration of

Defendant World Financial Network National Bank's Motion to Dismiss Plaintiff's Complaint

Pursuant to Fed. R. Civ. P. 12(b)(6), and any response thereto, it is hereby ORDERED that

Defendant's Motion is GRANTED and plaintiff's complaint is DISMISSED with prejudice.


BY THE COURT:


_____
The Honorable Bruce W. Kauffman

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY E. KIBLER,                          :
                                            :
          Plaintiff                         :
                                            :        CIVIL ACTION NO.  02-CV-3010
          v.                                :
                                            :
WORLD FINANCIAL NETWORK                     :
NATIONAL BANK,                              :
                                            :
               Defendant                    :

**DEFENDANT WORLD FINANCIAL NETWORK NATIONAL BANK'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, World Financial Network National Bank ("World Financial"), hereby moves

to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support

of this Motion, World Financial relies upon and incorporates by reference the attached

memorandum of law.

WHEREFORE, World Financial respectfully requests that this Court grant its Motion to

Dismiss and enter an Order in the form attached hereto.

Respectfully submitted,

_____

Of Counsel:                          David L. Comerford
                                     Jeffery A. Dailey
                                     Attorney I.D. Nos. 65969 and 85993
AKIN, GUMP, STRAUSS,                 One Commerce Square
HAUER & FELD, L.L.P.                 2005 Market Street, Suite 2200
                                     Philadelphia, PA 19103
                                     Telephone:    (215) 965-1200
                                     Facsimile:    (215) 965-1210

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY E. KIBLER,                          :
                                            :
          Plaintiff                         :
                                            :       CIVIL ACTION NO.  02-CV-3010
          v.                                :
                                            :
WORLD FINANCIAL NETWORK                     :
NATIONAL BANK,                              :
                                            :
          Defendant                         :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WORLD
FINANCIAL NETWORK NATIONAL BANK'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**INTRODUCTION**

Plaintiff claims that a World Financial Network National Bank ("World Financial")

employee, acting outside the scope of his employment, committed criminal acts in publishing

and disclosing plaintiff's personal information to other third parties who used the information to

perpetrate fraud.  Rather than seek to hold liable the individual(s) whom plaintiff claims

committed criminal acts that harmed him, plaintiff has sued World Financial.  Plaintiff's seven-

count complaint should be dismissed in its entirety for two principal reasons.

First, Counts III through VII -- unfair trade practices, invasion of privacy (seclusion),

invasion of privacy (false light), breach of confidentiality, and breach of fiduciary duty -- each

are based on purportedly illegal conduct of a World Financial employee outside the scope of his

employment.  Each Count is based on theories of vicarious liability and respondeat superior.  An

employer cannot be liable on theories of vicarious liability and respondeat superior for acts

committed by its employees outside the scope of their employment.

<u>Second</u>, each Count of plaintiff's complaint fails to state claims upon which relief can be granted and must be dismissed for additional, independent reasons, including:

- Count I fails to state a claim for negligent supervision -- plaintiff fails to allege: (1) that the wrongful conduct occurred on World Financial's premises, (2) that the employee (acting outside the scope of his employment) used World Financial's chattels to commit the wrongful conduct, or (3) that World Financial knew or had reason to know it had the ability to control the employee or that World Financial knew or should have known of the necessity and opportunity for exercising such control.

- Count II fails to state a claim for negligent hiring -- plaintiff fails to allege: (1) who the employee was, (2) what World Financial should have known about him/her, or (3) how or why World Financial should have known it.

- Count III fails to state a claim for violation of Pennsylvania's unfair trade practices law -- plaintiff fails to allege: (1) that World Financial engaged in any "unfair deceptive acts or practices" set forth in the statute, (2) that plaintiff purchased a line of credit from World Financial in reliance on any representations, or (3) that plaintiff has sustained any "ascertainable loss."

- Counts IV and V, for invasion of privacy, must be dismissed because they are barred by Pennsylvania's one-year statute of limitations.

- Count VI fails to state a claim for breach of confidentiality -- failing to allege that World Financial, as opposed to an employee acting outside the scope of his/her employment, affirmatively disclosed plaintiff's information.

- Count VII fails to state a claim for breach of fiduciary duty -- in Pennsylvania the ordinary borrower-lender relationship does not create a fiduciary duty, and plaintiff has not alleged World Financial gained significant control over plaintiff's business affairs such that it had the ability to compel plaintiff to engage in unusual transactions.

## STATEMENT OF FACTS

According to plaintiff, in or about June, 2000, he applied for and received a credit card and an accompanying line of credit "extended, issued and serviced by defendant, World Financial." *Complaint at ¶¶ 6, 8*. In doing so, plaintiff "purchased from World Financial a line of credit at a cost of 22.8% A.P.R." *Complaint at ¶ 34*. At the time plaintiff applied for the credit card and accompanying line of credit, plaintiff provided World Financial personal information, such as name, address and phone number, "with the intention that he would secure a line of credit, and in fact, did secure a line of credit from World Financial." *Complaint at ¶¶ 7, 58*.

Plaintiff alleges that sometime between June of 2000 and mid-September 2000, an employee of World Financial "<u>acting outside the scope of his employment</u>" published and disclosed plaintiff's personal information to third parties. *Complaint at ¶¶ 11, 20 (emphasis added)*. Plaintiff alleges that the employee provided the information to other third-party individuals who used the information to perpetrate fraud in plaintiff's name and to open "at least twenty-two (22) accounts." *Complaint ¶¶ 11, 20*. A criminal investigation resulted in at least one individual being arrested and convicted for "participating in the theft and prostitution of plaintiff's identity and reputation." *Complaint ¶ 12*.

Plaintiff does not allege that World Financial actively participated in, was charged with, or otherwise implicated in, the commission of these crimes. *Complaint ¶ 12*. Plaintiff also does not allege that World Financial affirmatively disclosed plaintiff's information to anyone. Rather, plaintiff alleges that "[i]n disclosing and publishing plaintiff's detailed, confidential and personal information, John Doe was acting outside the scope of his employment." *Complaint ¶ 20*.

## ARGUMENT

**I.    COUNTS III THROUGH VII MUST BE DISMISSED BECAUSE THE ACTIONS ALLEGEDLY TAKEN BY WORLD FINANCIAL'S EMPLOYEE WERE ADMITTEDLY OUTSIDE THE SCOPE OF HIS EMPLOYMENT.**

In Counts III through VII, plaintiff claims that "World Financial is responsible for the actions of its agent, John Doe, based on the principles of vicarious liability and respondeat superior." *Complaint ¶¶ 32; see ¶¶ 40, 46, 52, 60.* While plaintiff makes conclusory statements about wrongdoing on the part of "World Financial and/or its agents, servants or employees", *Complaint ¶¶ 40, 46, 52, 59, 60*, plaintiff states that the <u>only</u> alleged publication and/or disclosure of his information was committed by an employee of World Financial "acting outside the scope of his employment." *Complaint ¶¶ 11, 20.* Plaintiff does <u>not</u> allege that World Financial took <u>any</u> affirmative act to misappropriate, publish or disclose plaintiff's information -- the conduct on which Counts III through VII are based.

Count III, for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), alleges only that actions were taken by the employee. *Complaint ¶ 32* ("World Financial is responsible for the actions of its agent based on the principles of <u>vicarious</u> <u>liability</u> and <u>respondeat</u> <u>superior</u>.") (emphasis added); Complaint *¶ 33* ("World Financial, by <u>the</u> <u>acts</u> <u>of</u> <u>their</u> <u>agent</u>…fraudulent and deceptively used…information belonging to plaintiff…") (emphasis added). Plaintiff does not allege that World Financial committed any acts that constitute a violation of the UTPCPL.

Count IV, for invasion of privacy (seclusion), alleges that "World Financial and/or its agents, servants or employees disclosed and published such information to third parties." *Complaint ¶ 40.* According to the complaint, the only alleged "disclosing" or "publishing" of plaintiff's information was committed by a World Financial employee acting outside the scope of

4

his employment. *Complaint ¶¶ 11, 20*. Plaintiff does not allege that World Financial committed any acts to invade plaintiff's privacy.

Count V, for invasion of privacy (false light), alleges that "World Financial and its agents, servants or employees have done irreparable harm to plaintiff's reputation…" *Complaint ¶ 48(j)*. While plaintiff makes a conclusory claim that World Financial placed plaintiff in a false light, the only "fraudulent use of his identity and reputation" was allegedly facilitated by a World Financial employee acting outside the scope of his employment. *Complaint at ¶¶ 11, 12, 20*. Plaintiff does not allege that World Financial committed any acts to put plaintiff in a false light.

Count VI, for breach of confidentiality, alleges that "World Financial and/or its agents, servants or employees violated this duty by releasing this confidential and personal information to third parties…" *Complaint ¶ 52*. Again, plaintiff does <u>not</u> allege that World Financial committed <u>any act</u> to release plaintiff's information to third parties -- only that an employee did so outside the scope of his employment. *Complaint at ¶¶ 11, 20*.

Count VII, for breach of fiduciary duty, alleges that "World Financial and/or its agents, servants or employees owed plaintiff a fiduciary duty…" *Complaint ¶ 59*. Plaintiff does not allege any conduct of World Financial breaching any such duty, (which in any event is non-existent as set forth herein).

Each of these Counts is based on allegations regarding conduct committed <u>not</u> by World Financial, but by its employee "acting outside the scope of his employment." *Complaint ¶ 20*.

In Pennsylvania, an employer cannot be held vicariously liable for acts committed by its employees outside the scope of their employment. <u>Dee v. Marriot Int'l, Inc.</u>, No. 99-2459, 1999 U.S. Dist. LEXIS 16157, *12 (E.D.Pa. Oct. 6, 1999) (employer not vicariously liable for acts committed by employee outside scope of employment); <u>Das v. Herzog</u>, No. 92-1131, 1993 U.S.

Dist. LEXIS 3654, * 13 (E.D.Pa. 1993) (same); <u>Atkinson v. Haug</u>, 622 A.2d 983, 986 (Pa. Super. 1993) (same).[1]

Because plaintiff has pleaded that any harm he has suffered was caused by conduct of an employee acting outside the scope of his employment, World Financial can not be held liable on theories of vicarious liability and respondeat superior, and Counts III through VII of plaintiff's complaint must be dismissed.

## II.    <u>ALL COUNTS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM</u>

Each Count of the complaint also fails to state a claim upon which relief may be granted for additional, independent reasons.

### A.    <u>Count I Fails to State A Claim For Negligent Supervision.</u>

Plaintiff pleads that the conduct of the World Financial employee at issue occurred "outside the scope of his employment." *Complaint at ¶¶ 11, 20.* Section 317 of the Restatement (Second) of Torts outlines the elements necessary for a claim of negligent supervision for conduct outside the scope of employment, and provides in part:

> § 317. DUTY OF MASTER TO CONTROL CONDUCT OF SERVANT
>
> A master is under a duty to exercise reasonable care so as to control his servant <u>while acting outside the scope of his employment</u> as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> (a) the servant
>
> (i) is <u>upon the premises</u> in possession of the master or upon which the servant is privileged to enter only as his servant, or

---

[1]    Plaintiff pleads that defendant is located in Ohio. *Complaint ¶ 2.* The result is the same under Ohio law, which holds that an employer is not liable under the doctrine of respondeat superior for torts an employee commits outside the scope of his employment. <u>Byrd v. Faber</u>, 565 N.E.2d 584, 587 (Ohio 1991); <u>see</u> <u>also</u> <u>Shannahan v. B.F. Goodrich Aerospace Co.</u>, 993 F. Supp. 1107, 1118 (N.D. Ohio 1998).

(ii) is <u>using a chattel of the master</u>, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) Torts § 317 (emphasis added).[2]

Plaintiff's claim for negligent supervision fails to allege the elements of negligent supervision and must be dismissed.

<u>First</u>, plaintiff does not allege that the employee disclosed or published plaintiff's information -- the purported wrongful conduct -- on World Financial's premises.  Thus, Restatement (Second) Torts § 317(a)(i) is not satisfied.  <u>Second</u>, plaintiff fails to allege the employee used World Financial's chattels in disclosing and publishing this information.  Thus, Restatement (Second) Torts § 317(a)(ii) is not satisfied.  <u>Third</u>, plaintiff fails to allege that World Financial knew or had reason to know it had the ability to control the employee or that World Financial knew or should have known of the necessity and opportunity for exercising such control.  Indeed, plaintiff fails to allege World Financial could have done anything to prevent such conduct from occurring while the employee was acting outside the scope of his employment.  Thus, Restatement (Second) Torts § 317(b)(i) and (ii) are not satisfied.

Because plaintiff has not pleaded these necessary elements of a claim for negligent supervision, Count I must be dismissed.

**B.    <u>Count II Fails to State a Claim for Negligent Hiring.</u>**

Count II of plaintiff's complaint alleges that World Financial "owed a duty to Plaintiff to exercise reasonable care in deciding to hire John Doe" and "failed to exercise said duty and was negligent in deciding to hire John Doe since they knew or should have known of <u>certain</u> <u>qualities</u> possessed by him which displayed his propensity to participate in the type of conduct that has, in fact, led to the injury and harm sustained by plaintiff." *Complaint ¶¶ 26-27 (emphasis added).*

This is insufficient to state a claim for negligent hiring.

Plaintiff does not identify:

- <u>who</u> the employee was,

- <u>what</u> World Financial should have known about him/her, or

- <u>how</u> or <u>why</u> World Financial should have known it.

In order to survive a motion to dismiss a claim for negligent hiring:

> a plaintiff must plead facts which indicate that the individual hired had a past history of criminal, tortious, or otherwise dangerous conduct about which [an employer] knew or could have discovered through reasonable investigation. The mere incantation of the elements of a negligent hiring claim...without more, is not enough to enable a plaintiff to survive a motion to dismiss for failure to state a claim.

<u>Byrd v. Faber</u>, 565 N.E.2d 584, 590 (Ohio 1991) [3]; <u>see also</u> <u>Baab v. AMR Serv. Corp.</u>, 811 F.Supp. 1246, 1268 (N.D. Ohio 1993) (finding claim for negligent hiring insufficient because

---

[2]    Both Pennsylvania and Ohio apply the elements set forth in the Restatement (Second) of Torts § 317.  <u>See</u> <u>Hutchison v. Luddy</u>, 763 A.2d 826, 832 (Pa. Super. 2000) (applying § 317 of the Restatement); and <u>Baab v. AMR Serv. Corp.</u>, 811 F.Supp. 1246, 1265-67 (N.D. Ohio 1993) (recognizing that Ohio applies §317 of the Restatement).

[3]    Claims for negligent supervision and negligent hiring are governed by the law of the state where the alleged negligent supervision occurred.  <u>See</u> <u>Evans v. Valley Forge Convention Center</u>, No. 95-658, 1996 U.S. Dist LEXIS 12091, *13 (E.D.Pa. Aug. 15, 1996) (holding that Pennsylvania rather than New Jersey law applied because that is where the alleged negligent supervision occurred).  Plaintiff alleges that World Financial is located in Ohio, *Complaint ¶ 2*, and therefore the alleged negligent supervising and hiring allegedly occurred in Ohio.  In any event, under Pennsylvania law the result would be the same.  <u>See</u> <u>Reneau v. Shoney's Inc.</u>, No. 98-5225, 1999 U.S. Dist.

plaintiff did not identify the alleged harasser, or any past history of behavior about which the employer knew or should have known).

Here plaintiff does not identify the employee that allegedly disclosed and published plaintiff's information. *Complaint ¶ 9*. Further, the <u>only</u> conduct of the employee that plaintiff identifies is the conduct at issue (the disclosure of plaintiff's information by the employee outside the scope of his employment). *Complaint ¶ 11*. Plaintiff does not allege any previous conduct which would have put World Financial on notice of the employee's alleged propensity to commit this act.

In addition, plaintiff fails to identify the "certain qualities possessed" by the employee of which World Financial allegedly "knew or should have known", and fails to allege any connection between these unidentified qualities and the supposed harm suffered by plaintiff. Instead of alleging these necessary elements, plaintiff's complaint is merely an incantation of the elements of a claim for negligent hiring. These allegations are insufficient to survive a motion to dismiss. <u>Byrd</u>, 565 N.E. 2d at 590; <u>Baab</u>, 811 F.Supp. at 1268.

Because plaintiff fails to plead all the elements necessary to state a claim for negligent hiring, Count II of plaintiff's complaint must be dismissed.

**C.     Count III Fails To State A Claim For Violation Of Pennsylvania's Unfair Trade Practices And Consumer Protection Law ("UTPCPL").**

Plaintiff's UTPCPL claim must be dismissed for three additional reasons. <u>First</u>, plaintiff's allegations do not fall into any of the categories of "unfair deceptive acts or practices" set forth in 73 P.S. § 201-2(4)(i)-(xxi). <u>Second</u>, plaintiff has not alleged that he purchased the

---

LEXIS 9635, *13 (E.D.Pa. June 16, 1999) (plaintiff must show that employee had history of problems and that employer knew or had reason to know of past problems).

line of credit in reliance on any misrepresentation made by defendant.  <u>Third</u>, plaintiff has not alleged any ascertainable loss recoverable under the UTPCPL.

**1.    Plaintiff Has Not Alleged That Defendant Engaged in Any "Unfair or Deceptive Acts or Practices" Set Forth in 73 P.S. §201-2.4(i)-(xxi)**

The acts of which plaintiff complains -- an employee of defendant publishing and disclosing plaintiff's personal information outside the scope of his employment -- do not constitute "unfair or deceptive acts or practices" supporting a claim under the UTPCPL.  The acts are <u>not</u> among those enumerated in the UTPCPL.[4]

Plaintiff's complaint does not identify which section of the UTPCPL plaintiff claims World Financial violated.  To the extent plaintiff purports to assert a claim under the catch-all provision, relating to parties "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding,"  (73 P.S. §301-2.4(xxi)), the complaint fails to state a claim under this section.

In order to state a claim under the UTPCPL, including the catch-all provision, "plaintiff must plead a claim of violation of the UTPCPL with the same specificity as a claim for common-law fraud."  <u>Grant v. Kingswood Apts.</u>, No. 01-1523, 2001 U.S. Dist. LEXIS 23927, *12 (E.D. Pa. Oct. 15, 2001).

To state a claim for fraud, a plaintiff must plead:  (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity;  (3) ignorance of its falsity

---

[4]        The acts upon which a claim under the UTPCPL may be based are enumerated in 73 P.S. § 201-2(4)(i)-(xxi):  passing off goods as anothers or creating confusion as to the source, affiliation, origin or sponsorship, §201-2.4(i)-(v); misrepresenting that used goods are new or of a certain quality, §201-2.4(vi)-(vii); engaging in false advertising about goods or services or disparaging goods or services of another, or engaging in "pyramid" schemes, §201.2.4(viii)-(xiii); failing to comply with the terms of any written guarantee, §201-2.4(xiv); knowingly stating that repairs are needed when they are not or making repairs inferior to the quality agreed to, §201-2.4(xvi); soliciting sales through phones or mail without complying with certain requirements §201-2.4 (vii), (xix), using a contract which contains a confession of judgment clause, §201-2.4(xviii), or engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding, §201-2.4(xxi).

10

by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his or her damage.  Id. (citing Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir. 1992)).

Plaintiff does not identify a single misrepresentation allegedly made by World Financial. *Complaint ¶¶ 32-35.*  Nor does plaintiff allege that World Financial had knowledge of any false statement or that plaintiff acted upon any statements by World Financial to his damage.

Because plaintiff fails to plead any violation of the UTPCPL, Count III must be dismissed.

### 2.    Plaintiff Does Not Allege That He Purchased the Line of Credit From World Financial In Reliance On Any Misrepresentation

Plaintiff claims he purchased the line of credit from World Financial to receive discounts and a savings voucher for purchases at a Today's Man clothing store.  *Complaint ¶ 6.*  Plaintiff does not allege that he did not receive the line of credit, the discounts or the voucher.  In addition, plaintiff does not allege that World Financial made any misrepresentations upon which he relied when purchasing the line of credit.

In order to state a claim under the UTPCPL a plaintiff must allege that he acted in reliance on misrepresentations by defendant.  Centennial School Dist. v. Ind. Blue Cross, No. 93-3456, 1994 U.S. Dist. LEXIS 2098, *22-23 (E.D. Pa. Feb. 28, 1994).  "Without any allegation that the plaintiff purchased in reliance upon misrepresentations, there can be no cause of action under the UTPCPL."  Id.  (citing Prime Meats, Inc. v. Yochim, 422 Pa. Super. 460, 619 A.2d 769, 774 (Pa. Super. Ct. 1993)).

Because plaintiff has failed to allege any misrepresentations by defendant or reliance on a misrepresentation, Count III must be dismissed.

**3.     Plaintiff Has Not Alleged Any "Ascertainable Loss."**

To recover under the UTPCPL, plaintiff also must allege that he suffered an "ascertainable loss."  73 P.S. §201-9.2.  Damages must be out-of-pocket losses.  Nelson v. First Card, No. 97-3503, 1998 U.S. Dist. LEXIS 2798, *6-7 (E.D. Pa. March 9, 1998).  Plaintiff has not pleaded any out-of-pocket loss.

Plaintiff's alleged damages include:

- having his "credit and credit rating…permanently and negatively affected";

- expending "large amounts of time in attempting to repair his credit and reputation, including the use of employment vacation and employment personal days";

-  "stress and mental anguish";

- "actively maintaining and managing his credit history";

- "increased work…each and every time plaintiff applies for a new line of credit";

- "delaying the acquisition of his masters degree";

- "written and verbal harassment by would-be creditors";

- "marketability and eligibility for future employment will be significantly hindered"; and

- "Plaintiff remains significantly and constantly concerned."

*Complaint ¶ 36(a)-(i).*

Plaintiff does not allege that he has incurred any actual damages or incurred any monetary losses related to the conduct alleged.  Id.  Because plaintiff has failed to allege that he suffered any "out-of-pocket" losses, his UTPCPL claim must be dismissed.

In addition, plaintiff's complaint improperly seeks to recover damages for "mental anguish."  *Complaint ¶ 36 (c), (g) and (i).*  It is well established that damages for emotional distress are not recoverable under the UTPCPL.  See Krisa v. Equitable Life Ass. Soc'y, 109

12

F.Supp. 2d 316, 324 (M.D. Pa. 2000); Wenrich v. Cole, No. 00-2588, 2000 U.S. Dist. LEXIS

18687, *22 (E.D. Pa. Dec. 26, 2000); Nelson, 1998 U.S. Dist. LEXIS 2798 at *6-7.

Because plaintiff has failed to allege damages recoverable under the UTPCPL, Count III

must be dismissed.

### D. Counts IV And V Are Barred By The Statute Of Limitations.

Counts IV and V purport to allege claims for invasion of privacy for intrusion upon

plaintiff's seclusion and false light. Plaintiff's invasion of privacy claims are barred by

Pennsylvania's one-year statute of limitations.

Claims for invasion of privacy are subject to Pennsylvania's one year statute of

limitations. 42 Pa.C.S. § 5523(1). Plaintiff filed his complaint in the instant action on or about

May 21, 2002. Plaintiff states in his complaint that the alleged publication and disclosure of

plaintiff's information occurred "[s]ometime between approximately June 2000 and mid-

September 2000…" *Complaint ¶ 11.*

Because the alleged invasion of privacy occurred more than one year before plaintiff filed

his complaint, Counts IV and V are barred by Pennsylvania's one year statute of limitations and

must be dismissed with prejudice.

### E. Count VI Fails To State A Claim For Breach Of Confidentiality.

Plaintiff does not allege that World Financial actually "disclosed and published" or

"used" plaintiff's information, only that an employee acting "outside the scope of his

employment" did. *Complaint ¶ 11, 20.* Plaintiff bases his claim for breach of confidentiality

upon respondeat superior and vicarious liability. *Complaint ¶ 11, 20, 51, 52.* However, as

discussed in Section I herein, World Financial cannot be held liable under theories of vicarious

liability and respondeat superior for acts committed by its employees outside the scope of their employment.  See Section I.

The Court of Appeals of Oregon recently addressed this very issue and held that a Bank cannot be held liable for breach of confidentiality under these circumstances.  See Stevens v. First Interstate Bank of California, 999 P.2d 551 (Ct. App. Ore. 2000).

In Stevens, plaintiff sued defendant Bank for its alleged failure to protect from third-party misappropriation and wrongful use, certain personal and credit information that plaintiffs had provided to their bank.  Id. at 551.  Like plaintiff here, the plaintiff in Stevens sought to hold the bank responsible for the actions of an employee who allegedly accessed plaintiff's private and confidential information and then used that information to procure numerous charge cards and loans.  Id. at 552.  The Court dismissed plaintiff's breach of confidentiality claim, reasoning that:

> The gravamen of the tort of breach of confidentiality, in Oregon and nationally is the affirmative disclosure of information by a person to whom the confidential information has been entrusted…this case is not about FICAL's affirmative disclosure of information.  Rather, it is about the bank's alleged failure to protect information provided to it by a depositor from misappropriation by a bank employee acting outside the scope of his employment. Plaintiffs identify no authority – and we have found none – that expands the tort to impose liability where the defendant has not affirmatively disclosed the "entrusted" or "confidential" information.

Id. at 554 (emphasis added).

As in Stevens, plaintiff here seeks to bring a claim against World Financial for breach of confidentiality based on World Financial's alleged failure to protect information provided to it by plaintiff.  See Complaint ¶ at 55 ("World Financial has failed to exercise reasonable care in the handling and protection of detailed, personal and highly privileged information…").

14

However, like the plaintiff in <u>Stevens</u>, plaintiff has failed to allege that there was any affirmative disclosure of plaintiff's information by World Financial.

Because plaintiff has not alleged any publication or disclosure of plaintiff's information by World Financial, Count VI of plaintiff's complaint must be dismissed.

### F. <u>Count VII Fails To State A Claim For Breach of Fiduciary Duty</u>

Count VII for breach of fiduciary duty must be dismissed for the additional reason that, under Pennsylvania law, the ordinary lender-borrower relationship does <u>not</u> create a fiduciary duty. <u>I & S Assoc. Trust v. LaSalle Nat'l Bank</u>, No. 99-4956, 2001 U.S. Dist. LEXIS 15223, *22 (E.D.Pa. Sept. 26, 2001) (<u>citing</u> <u>Federal Land Bank of Baltimore v. Fetner</u>, 269 Pa. Super. 455, 410 A.2d 344, 348 (Pa. Super. 1979)). Indeed, the only circumstance in which a claim for breach of fiduciary duty could exist between a lender and a borrower is when the lender "gains significant control over the debtor's business affairs" amounting to "day-to-day management and operations of the borrower or that the lender had the ability to compel the borrower to engage in unusual transactions." <u>Id.</u>

Plaintiff does not allege that World Financial gained control over his business affairs when he purportedly purchased the line of credit from World Financial. Indeed plaintiff claims his interaction with World Financial was an arm's length transaction in which "plaintiff provided [] information to World Financial with the intention that he would secure a line of credit; and in fact, did secure a line of credit from World Financial." *Complaint ¶ 58.*

Because plaintiff has not shown that World Financial was given control of plaintiff's financial affairs when plaintiff purchased the line of credit, plaintiff fails to state a claim for breach of fiduciary duty and Count VII of plaintiff's complaint must be dismissed.

15

## <u>CONCLUSION</u>

For each of the foregoing reasons, World Financial respectfully requests that this Court dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

Of Counsel:

AKIN, GUMP, STRAUSS,
HAUER & FELD, L.L.P.

_____
David L. Comerford
Jeffery A. Dailey
Attorney I.D. Nos. 65969 and 85993
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
Telephone:     (215) 965-1200
Facsimile:     (215) 965-1210

Attorneys for Defendant World Financial National
Network Bank

Dated:  July 23, 2002

16

## CERTIFICATE OF SERVICE

I, Jeffery A. Dailey, hereby certify that on the 23rd day of July, 2002, I served a true and correct copy of Defendant World Financial Network National Bank's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and Memorandum of Law in support thereof, upon the following:

**VIA FIRST CLASS MAIL**
Edwin L. Stock, Esquire
James M. Smith, Esquire
Roland & Schlegel, P.C.
627 North Fourth Street
P.O. Box 902
Reading, PA  19603-0902

_____
Jeffery A. Dailey