68647. JIM.JIM 8/27/2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY E. KIBLER,                    :   CIVIL ACTION NO. 02-CV-3010
                        Plaintiff    :
                                    :
        vs.                         :
                                    :
WORLD FINANCIAL NETWORK       :
NATIONAL BANK,                        :
                    Defendant    :

---

### AMENDED COMPLAINT

1.    Plaintiff, Jeffrey E. Kibler, is an adult individual presently residing at 111 Carmen Drive, Blandon, Berks County, Pennsylvania, 19510.

2.    Defendant, World Financial Network National Bank ("World Financial"), is a national bank with a principal business address of 800 Techcenter Drive, Gahanna, Ohio, 43230.

3.    The amount in controversy exceeds $150,000.

4.    Jurisdiction of this court is granted under 28 U.S.C.A. § 1332.

5.    Jury trial is demanded by Plaintiff.

### BACKGROUND

6.    In or about the month of June 2000, Plaintiff, Jeffrey E. Kibler, was shopping at a Today's Man clothing store in or near Allentown, Lehigh County, Pennsylvania, where he was offered an immediate discount on his purchases together with a savings voucher that he was

1

promised to receive by mail if he applied for a Today's Man credit card and an accompanying line of credit extended, issued and serviced by Defendant, World Financial.

7.      To apply for a line of credit with World Financial, Plaintiff was required to provide World Financial with detailed, confidential and personal information, including but not limited to his name, social security number, address, home phone number and work phone number.

8.      In or about August 2000, Plaintiff contacted World Financial by phone and requested that they cancel his credit card and close his account.

9.      During the time that World Financial had retained Plaintiff's detailed, confidential and personal information, World Financial employed various individuals who were afforded by World Financial access to detailed, confidential and personal information contained in customer records, including Plaintiff's information.

11.     Sometime between approximately June 2000 and mid-September 2000, on premises owned or controlled by World Financial, World Financial's agent(s), servant(s), or employee(s), had misappropriated the detailed, confidential and personal information belonging to Plaintiff and facilitated the release and promulgation of such information among third-party individuals who used Plaintiff's detailed, confidential and personal information and, ultimately, his very identity to perpetuate fraud in Plaintiff's name to the great detriment of Plaintiff and his reputation.

2

12.    As a result of a criminal investigation conducted, in part, by the United States Postal Inspector's Office, Victor Peoples was arrested and subsequently convicted of violating 18 U.S.C.A. § 1028(a), Fraud and Related Activity in Connection with Identification Documents and Information, and 18 U.S.C.A. § 1029(a), Fraud and Related Activity in Connection with Access Devices, for fraudulently holding himself out to be Jeffrey E. Kibler, Plaintiff herein, and participating in the theft and prostitution of Plaintiff's identity and reputation.

13.    As a further result of said criminal investigation, at least one former employee of World Financial, David Nicholas, was charged and pled guilty to violating 18 U.S.C.A. §§ 1028(a)(7), 1028(b)(1)(D) Fraud and Related Activity in Connection with Identification Documents and Information, for acts committed while an employee of World Financial, at premises owned or controlled by World Financial.

14.    As a direct and proximate result of the actions of World Financial and/or its agent(s), servant(s) or employee(s), no less than thirty-three (33) inquiries were made into Plaintiff's credit and, consequently, at least twenty-two (22) credit accounts were fraudulently opened using Plaintiff's detailed, confidential and personal information entrusted to and misappropriated by World Financial and/or its agent(s), servant(s) or employee(s).

15.    At the time Plaintiff contacted Defendant to request the closure of his account, World Financial knew or should have known of problems with its security and knew that

3

detailed, confidential and personal information belonging to a number of its customers, including

Plaintiff, had been divulged and misappropriated.

16.     Despite at least one written request by Plaintiff to do so, World Financial has not,

to this day, contacted Plaintiff for any reason, much less to advise Plaintiff of his precarious

situation and to assist him in further protecting his information, credit and identity, and

preventing further injury.


COUNT I
VIOLATION OF PENNSYLVANIA'S
UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
73 P.S. 201-3

17.     Plaintiff incorporates the averments of paragraphs 1 through 16 of this Amended

Complaint as if more fully set forth.

18.     Plaintiff had purchased from World Financial a line of credit at a cost of 22.8%

A.P.R. to facilitate his immediate purchase of clothing from Today's Man which Plaintiff

intended to use for personal, family and household use.

19.     World Financial's agent(s), servant(s) or employee(s) while acting within the

scope of his/her/their employment fraudulently and/or deceptively used or conspired to use

detailed, confidential and personal information belonging to Plaintiff for their own private

benefit.

4

20.    World Financial's agent(s), servant(s) or employee(s) acting within the scope of his/her/their employment, including but not limited to David Nicholas, provided third parties, including but not limited to Victor Peoples, with Plaintiff's detailed, confidential and personal information belonging to Plaintiff without Plaintiff's consent.

21.    Said third parties, upon receipt of such information used the information to intentionally misrepresent their identity as that of Plaintiff and to thereby secure and open several lines of credit with numerous businesses in order to facilitate the purchase of various consumer goods and services with the intention of escaping responsibility for charges so incurred.

22.    When World Financial's agent(s), servant(s) or employee(s) provided such information to said third parties, they did so knowing or under circumstances where they should have known that such information was being used to facilitate fraud, or with indifference as to the existence of such circumstances.

23.    The businesses that received the false information justifiably relied on the false representations of said third parties and, as a result of this reliance, extended various amounts of credit to said third parties.

24.    As a result of the false representations, these businesses extended credit to said third parties, believing them to be Plaintiff.

When said third parties defaulted, these businesses looked to Plaintiff for payment.

25.    World Financial's agent(s), servant(s) or employee(s) while acting within the scope of his/her/their employment facilitated or conspired to facilitate the use of such information in a criminal manner which created confusion and misunderstanding in the minds of those who Plaintiff sought to transact business with and, for that matter, anyone legitimately interested in Plaintiff's credit-worthiness.

26.    World Financial is responsible for the actions of its agent(s), servant(s) and employee(s), based on the principles of vicarious liability and respondeat superior.

27.    As a direct and proximate result of the tortious acts of World Financial's agent(s), servant(s) or employee(s), Plaintiff has suffered substantial harm, in that:

(a)    Plaintiff's credit and credit rating have been permanently and negatively affected and can never be restored to the place they were prior to the tortious actions of World Financial's agent(s), servant(s) or employee(s);

(b)    Plaintiff has expended large amounts of time in attempting to repair his credit and his reputation, including the use of employment vacation and employment personal days to attempt to remedy the credit damage as a result of the actions of World Financial's agent(s), servant(s) or employee(s);

(c)    Plaintiff has sustained significant stress and mental anguish as a result of the actions of World Financial's agent(s), servant(s) or employee(s), and specifically, in

attempting to mitigate the damages inflicted by World Financial's agent(s), servant(s) or employee(s);

(d)    Plaintiff has been forced to perform the timely and expensive task of actively maintaining and managing his credit history through a credit reporting agency in an ongoing manner and will continue to be burdened with such uncommon and disruptive obligations for the rest of his life;

(e)    The tortious actions of World Financial's agent(s), servant(s) or employee(s) have significantly increased the work required of Plaintiff each and every time Plaintiff applies for a new line of credit;

(f)    Plaintiff found it necessary to delay his educational pursuits for a time, in order to afford him additional time necessary to mitigate the damage inflicted by World Financial's agent(s), servant(s) or employee(s), delaying the acquisition of his masters degree and the increased earning capacity that it brings with it by at least six months;

(g)    Plaintiff and his family have sustained significant written and verbal harassment by would-be creditors seeking collection of debts neither he nor his family incurred;

(h)    Plaintiff's marketability and eligibility for future employment will be significantly hindered so long as there is the possibility that a person using his detailed, confidential and personal information, establishes a criminal history in the name of Plaintiff;

(i)     Plaintiff remains significantly and constantly concerned that the information, having its detailed, confidential and personal nature once and forever compromised by the tortious actions of World Financial's agent(s), servant(s) or employee(s), remains yet in the hands of an individual or a group of individuals who would seek to illegitimately and fraudulently capitalize on its inherent value; and

(j)     World Financial's agent(s), servant(s) or employee(s) have done irreparable harm to Plaintiff's reputation by facilitating the grossly inaccurate portrayal of Plaintiff to those whom he would engage in business with or secure credit from.

28.    Plaintiff has suffered the following ascertainable loss as a direct and proximate result of the tortious actions of World Financial's agent(s), servant(s) and employee(s):

(a)     Notary fees: $102.00

(b)     Shipping materials: $33.00

(c)     Postal charges: $112.00

(d)     Credit reporting charges: $62.00

(e)     Informative materials: $205.00

(f)     Vacation days used solely to mitigate damages: $1,800.00

29.    At all times related hereto, World Financial's agent(s), servant(s) or employee(s) have engaged in fraudulent and/or deceptive behavior in publishing for personal gain detailed,

8

confidential, personal and highly privileged information provided to it in good faith by Plaintiff

and in so doing has acted outrageously and with reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff, Jeffrey E. Kibler, respectfully requests this Honorable Court

enter judgment in his favor and against Defendant for treble damages, costs, punitive damages,

attorneys' fees, and for such other relief as the Court deems just and proper.

COUNT II
BREACH OF CONFIDENTIALITY

30.     Plaintiff incorporates the averments of paragraphs 1 through 29 of this Amended

Complaint as if more fully set forth.

31.     World Financial owed its customers, including Plaintiff, a duty of confidentiality

with regard to their personal and confidential information retained by World Financial.

32.     World Financial and/or its agent(s), servant(s) or employee(s) acting within the

scope of their employment violated this duty by releasing this confidential and personal

information to third parties to facilitate the fraudulent use of Plaintiff's identity, and in so doing

acted negligently.

33.     The actions of World Financial and/or its agent(s), servant(s) or employee(s) is a

substantial factor in causing the harm complained of by Plaintiff.

34.     As a direct and proximate result of the tortious acts of World Financial and/or its

agent(s), servant(s) or employee(s), Plaintiff has suffered substantial harm, in that:

(a)     Plaintiff's credit and credit rating have been permanently and negatively affected and can never be restored to the place they were prior to the tortious actions of World Financial and its agent(s), servant(s) or employee(s);

(b)     Plaintiff has expended large amounts of time in attempting to repair his credit and his reputation, including the use of employment vacation and employment personal days to attempt to remedy the credit damage as a result of the actions of World Financial and its agent(s), servant(s) or employee(s);

(c)     Plaintiff has sustained significant stress and mental anguish as a result of the actions of World Financial and its agent(s), servant(s) or employee(s), and specifically, in attempting to mitigate the damages inflicted by World Financial and its agent(s), servant(s) or employee(s);

(d)     Plaintiff has been forced to perform the timely and expensive task of actively maintaining and managing his credit history through a credit reporting agency in an ongoing manner and will continue to be burdened with such uncommon and disruptive obligations for the rest of his life;

(e)     The tortious actions of World Financial and its agent(s), servant(s) or employee(s) have significantly increased the work required of Plaintiff each and every time Plaintiff applies for a new line of credit;

10

(f)     Plaintiff found it necessary to delay his educational pursuits for a time, in order to afford him additional time necessary to mitigate the damage inflicted by World Financial and its agent(s), servant(s) or employee(s), delaying the acquisition of his masters degree and the increased earning capacity that it brings with it by at least six months;

(g)     Plaintiff and his family have sustained significant written and verbal harassment by would-be creditors seeking collection of debts neither he nor his family incurred;

(h)     Plaintiff's marketability and eligibility for future employment will be significantly hindered so long as there is the possibility that a person using his detailed, confidential and personal information, establishes a criminal history in the name of Plaintiff;

(i)     Plaintiff remains significantly and constantly concerned that the information, having its detailed, confidential and personal nature once and forever compromised by the tortious actions of World Financial and its agent(s), servant(s) or employee(s), remains yet in the hands of an individual or a group of individuals who would seek to illegitimately and fraudulently capitalize on its inherent value; and

(j)     World Financial and its agent(s), servant(s) or employee(s) have done irreparable harm to Plaintiff's reputation by facilitating the grossly inaccurate portrayal of Plaintiff to those whom he would engage in business with or secure credit from.

35.     At all times related hereto, World Financial and its agent(s), servant(s) or employee(s), have failed to exercise reasonable care in the handling and protection of detailed,

11

confidential, personal and highly privileged information provided to it in good faith by its customers and those who would do business with it, including Plaintiff, and has failed to advise Plaintiff of his precarious situation with the purpose of preventing additional injury to Plaintiff and his reputation, and in so doing has acted outrageously and with reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff, Jeffrey E. Kibler, respectfully requests this Honorable Court enter judgment in his favor and against Defendant for all damages and costs, for punitive damages, and for such other relief as the Court deems just and proper.

COUNT III
BREACH OF FIDUCIARY DUTY

36.    Plaintiff incorporates the averments of paragraphs 1 through 35 of this Amended Complaint as if more fully set forth.

37.    In establishing a financial relationship with Plaintiff, World Financial acquired detailed, confidential and personal information belonging to Plaintiff.

38.    World Financial obtained this information from Plaintiff in exchange for a line of credit.

39.    World Financial and its agent(s), servant(s) or employee(s) owed Plaintiff a fiduciary duty with regard to the safekeeping of this information.

40.    By requiring the detailed, confidential and personal information of Plaintiff prior to extending a line of credit to Plaintiff, World Financial obtained significant power and dominion over Plaintiff's financial affairs, as was demonstrated by the effect its unlawful actions have had on Plaintiff's financial affairs.

41.    World Financial breached this duty when World Financial and/or its agent(s), servant(s) or employee(s) acting within the scope of his/her/their employment, published Plaintiff's confidential information or permitted Plaintiff's confidential information to be published to third parties.

42.    As a direct and proximate result of the tortious acts of World Financial and its agent(s), servant(s) or employee(s), Plaintiff has suffered substantial harm, in that:

(a)    Plaintiff's credit and credit rating have been permanently and negatively affected and can never be restored to the place they were prior to the tortious actions of World Financial and its agent(s), servant(s) or employee(s);

(b)    Plaintiff has expended large amounts of time in attempting to repair his credit and his reputation, including the use of employment vacation and employment personal days to mitigate the injuries he suffered as a result of the actions of World Financial and its agent(s), servant(s) or employee(s);

(c)    Plaintiff has sustained significant stress and mental anguish as a result of the actions of World Financial and its agent(s), servant(s) or employee(s), and specifically, in

13

attempting to mitigate the damages inflicted by World Financial and its agent(s), servant(s) or employee(s);

(d)    Plaintiff has been forced to perform the timely and expensive task of actively maintaining and managing his credit history through a credit reporting agency in an ongoing manner and will continue to be burdened with such uncommon and disruptive obligations for the rest of his life;

(e)    The tortious actions of World Financial and its agent(s), servant(s) or employee(s) have significantly increased the work required of Plaintiff each and every time Plaintiff applies for a new line of credit;

(f)    Plaintiff found it necessary to delay his educational pursuits for a time, in order to afford him additional time necessary to mitigate the damage inflicted by World Financial and its agent(s), servant(s) or employee(s), delaying the acquisition of his masters degree and the increased earning capacity that it brings with it by at least six months;

(g)    Plaintiff and his family have sustained significant written and verbal harassment by would-be creditors seeking collection of debts neither he nor his family incurred;

(h)    Plaintiff's marketability and eligibility for future employment will be significantly hindered so long as there is the possibility that a person using his detailed, confidential and personal information, establishes a criminal history in the name of Plaintiff;

14

(i)    Plaintiff remains significantly and constantly concerned that the information, having its detailed, confidential and personal nature once and forever compromised by the tortious actions of World Financial and its agent(s), servant(s) or employee(s), remains yet in the hands of an individual or a group of individuals who would seek to illegitimately and fraudulently capitalize on its inherent value; and

(j)    World Financial and its agent(s), servant(s) or employee(s) have done irreparable harm to Plaintiff's reputation by facilitating the grossly inaccurate portrayal of Plaintiff to those whom he would engage in business with or secure credit from.

43.    At all times related hereto, World Financial and/or its agent(s), servant(s) or employee(s), have failed to exercise reasonable care in the handling and protection of detailed, confidential, personal and highly privileged information provided to it in good faith by its customers and those who would do business with it, including Plaintiff, and has failed to advise Plaintiff of his precarious situation with the purpose of preventing additional injury to Plaintiff and his reputation, and in so doing has acted outrageously and with reckless indifference to the rights of Plaintiff and others similarly situated.

WHEREFORE, Plaintiff, Jeffrey E. Kibler, respectfully requests this Honorable Court enter judgment in his favor and against Defendant for all damages and costs, for punitive damages, and for such other relief as the Court deems just and proper.

COUNT IV

15

<u>NEGLIGENCE</u>

44.    Plaintiff incorporates the averments of paragraphs 1 through 16 of this Amended Complaint as if more fully set forth.

45.    World Financial owed a duty to Plaintiff to establish and institute reasonable administrative, technical and physical safeguards and to take reasonable security measures:

(a)    to insure the security and confidentiality of customer records and information;

(b)    to protect against any anticipated threats or hazards to the security or integrity of such records;

(c)    to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer, including Plaintiff.

46.    World Financial failed to establish adequate and reasonable safeguards and procedures, and to take reasonable security steps necessary to protect Plaintiff's detailed, confidential and personal information from being disclosed and published to third parties without his consent.

47.    Due to World Financial's failure to establish and initiate adequate and reasonable safeguards and procedures, and to take necessary security steps to protect Plaintiff's detailed, confidential and personal information, this information was disclosed and published to criminal

16

third parties and prostituted, together with Plaintiff's identity and reputation, to the great harm and detriment of Plaintiff and his reputation.

48.    The misappropriation of Plaintiff's detailed, confidential and personal information was reasonably foreseeable, given the inherent value of such information both to its owner and to those who would use it to facilitate fraud.

49.    The negligence of World Financial in failing to institute and establish reasonable and sufficient safeguards and procedures, and to take reasonable security measures to protect and safeguard Plaintiff's detailed, confidential and personal information is a substantial factor in causing harm and injury to Plaintiff.

50.    As a result of the tortious acts of World Financial, Plaintiff has suffered substantial harm, in that:

(a)    Plaintiff's credit and credit rating have been permanently and negatively affected and can never be restored to the place they were prior to the tortious actions of World Financial;

(b)    Plaintiff has expended large amounts of time in attempting to mitigate the damage done to his credit and his reputation, including the use of employment vacation and employment personal days to attempt to mitigate the credit damage as a result of the actions of World Financial;

(c)     Plaintiff has sustained significant stress and mental anguish as a result of the actions of World Financial and, specifically, in attempting to remedy the damages inflicted by World Financial;

(d)     Plaintiff has been forced to perform the timely and expensive task of actively maintaining and managing his credit history through a credit reporting agency in an ongoing manner and will continue to be burdened with such uncommon and disruptive obligations for the rest of his life;

(e)     The tortious actions of World Financial have significantly increased the work required of Plaintiff each and every time Plaintiff applies for a new line of credit;

(f)     Plaintiff found it necessary to delay his educational pursuits for a time, in order to afford him additional time necessary to mitigate the damage inflicted by the negligence of World Financial;

(g)     Plaintiff and his family have sustained significant written and verbal harassment by would-be creditors seeking collection of debts neither he nor his family incurred;

(h)     Plaintiff's marketability and eligibility for future employment will be significantly hindered so long as there is the possibility that a person using his detailed, confidential and personal information, establishes a criminal history in the name of Plaintiff;

(i)     Plaintiff remains significantly and constantly concerned that the information, having its detailed, confidential and personal nature once and forever compromised

18

by the tortious actions of World Financial, remains yet in the hands of an individual or a group of individuals who would seek to illegitimately and fraudulently capitalize on its inherent value; and

       (j)    The negligence of World Financial has done irreparable harm to Plaintiff's reputation by facilitating the grossly inaccurate portrayal of Plaintiff to those whom he would engage in business with or secure credit from.

51.    At all times related hereto, World Financial has failed to exercise reasonable care in the handling and protection of detailed, confidential, personal and highly privileged information provided to it in good faith by its customers and those who would do business with it, including Plaintiff, and has failed to advise Plaintiff of his precarious situation with the purpose of preventing additional injury to Plaintiff and his reputation, and in so doing has acted outrageously and with reckless indifference to the rights of Plaintiff and others similarly situated.

WHEREFORE, Plaintiff, Jeffrey E. Kibler, respectfully requests this Honorable Court enter judgment in his favor and against Defendant for all damages and costs, for punitive damages, and for such other relief as the Court deems just and proper.

## COUNT V
## NEGLIGENT SUPERVISION

52.    Plaintiff incorporates the averments of paragraphs 1 through 16 of this Amended Complaint as if more fully set forth.

53.     World Financial owed a duty to Plaintiff to establish and institute reasonable safeguards and procedures, and to take reasonable security measures to protect the detailed, confidential and personal information provided to it by Plaintiff, its customer.

54.     World Financial breached this duty by failing to establish adequate and reasonable safeguards and procedures, and by failing to take reasonable security steps necessary to protect Plaintiff's detailed, confidential and personal information from being disclosed and published to third parties without his consent.

55.     Due to World Financial's failure to establish and initiate adequate and reasonable safeguards and procedures, and to take necessary security steps to protect Plaintiff's detailed, confidential and personal information, an agent, servant or employee, or more than one agent, servant or employee of World Financial was able to retrieve, disclose and publish Plaintiff's detailed, confidential and personal information to third parties with the purpose of prostituting such information, together with Plaintiff's identity and reputation, to perpetrate fraud against others to the great harm and detriment of Plaintiff and his reputation.

56.     In disclosing and publishing Plaintiff's detailed, confidential and personal information, World Financial's agent(s), servant(s) or employee(s) was/were acting outside the scope of his/her/their employment.

57.    The misappropriation of Plaintiff's detailed, confidential and personal information occurred on World Financial's premises and by its agent(s), servant(s) or employee(s) using equipment owned or controlled by World Financial.

The misappropriation of Plaintiff's detailed, confidential and personal information was reasonably foreseeable, given the inherent value of such information both to its owner and to those who would use it to facilitate fraud.

58.    Because of the inherent value of Plaintiff's detailed, confidential and personal information, World Financial knew or should have known of the necessity of exercising control over its agent(s), servant(s) and employee(s).

59.    World Financial knew or should have known that it had the ability and opportunity to control its agent(s), servant(s) or employee(s).

60.    The negligence of World Financial in failing to properly supervise its agent(s), servant(s) and employee(s) is a substantial factor in causing the damage and injury to Plaintiff.

61.    As a direct and proximate result of the tortious acts of World Financial, Plaintiff has suffered substantial harm, in that:

(a)    Plaintiff's credit and credit rating have been permanently and negatively affected and can never be restored to the place they were prior to the tortious actions of World Financial;

21

(b)    Plaintiff has expended large amounts of time in attempting to repair his credit and his reputation, including the use of employment vacation and employment personal days to attempt to mitigate the credit damage as a result of the actions of World Financial;

(c)    Plaintiff has sustained significant stress and mental anguish as a result of the actions of World Financial and, specifically, in attempting to mitigate the damages inflicted by World Financial;

(d)    Plaintiff has been forced to perform the timely and expensive task of actively maintaining and managing his credit history through a credit reporting agency in an ongoing manner and will continue to be burdened with such uncommon and disruptive obligations for the rest of his life;

(e)    The tortious actions of World Financial have significantly increased the work required of Plaintiff each and every time Plaintiff applies for a new line of credit;

(f)    Plaintiff found it necessary to delay his educational pursuits for a time, in order to afford him additional time necessary to mitigate the damage inflicted by World Financial;

(g)    Plaintiff and his family have sustained significant written and verbal harassment by would-be creditors seeking collection of debts neither he nor his family incurred;

(h)    Plaintiff's marketability and eligibility for future employment will be significantly hindered so long as there is the possibility that a person using his detailed, confidential and personal information, establishes a criminal history in the name of Plaintiff;

(i)    Plaintiff remains significantly and constantly concerned that the information, having its detailed, confidential and personal nature once and forever compromised by the tortious actions of World Financial remains yet in the hands of an individual or a group of individuals who would seek to illegitimately and fraudulently capitalize on its inherent value; and

(j)    World Financial has done irreparable harm to Plaintiff's reputation by facilitating the grossly inaccurate portrayal of Plaintiff to those whom he would engage in business with or secure credit from.

62.    At all times related hereto, World Financial has failed to exercise reasonable care in the handling and protection of detailed, confidential, personal and highly privileged information provided to it in good faith by its customers and those who would do business with it, including Plaintiff, and has failed to advise Plaintiff of his precarious situation with the purpose of preventing additional injury to Plaintiff and his reputation, and in so doing has acted outrageously and with reckless indifference to the rights of Plaintiff and others similarly situated.

WHEREFORE, Plaintiff, Jeffrey E. Kibler, respectfully requests this Honorable Court enter judgment in his favor and against Defendant for all damages and costs, for punitive damages, and for such other relief as the Court deems just and proper.

Respectfully submitted,

ROLAND & SCHLEGEL, P.C.

By: _____

     Edwin L. Stock, Esquire
     I.D. # 43787
     627 North Fourth Street
     P.O. Box 902
     Reading, PA 19603-0902
     (610) 372-5588