IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY E. KIBLER,                     :
                                       :
          Plaintiff                    :
                                       :        CIVIL ACTION NO.  02-CV-3010
    v.                                 :
                                       :
WORLD FINANCIAL NETWORK                :
NATIONAL BANK,                         :
                                       :
          Defendant                    :

## O R D E R

AND NOW, this _____ day of _____, 2002, upon consideration of

Defendant World Financial Network National Bank's Motion to Dismiss Plaintiff's Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and any response thereto, it is hereby

ORDERED that Defendant's Motion is GRANTED and plaintiff's amended complaint is

DISMISSED with prejudice.


BY THE COURT:


_____

The Honorable Timothy J. Savage

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY E. KIBLER,                     :
                                       :
            Plaintiff                  :
                                       :     CIVIL ACTION NO.  02-CV-3010
      v.                               :
                                       :
WORLD FINANCIAL NETWORK                :
NATIONAL BANK,                         :
                                       :
            Defendant                  :

**DEFENDANT WORLD FINANCIAL NETWORK NATIONAL
BANK'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, World Financial Network National Bank ("World Financial"), hereby moves

to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of this Motion, World Financial relies upon and incorporates by reference the attached

memorandum of law.

WHEREFORE, World Financial respectfully requests that this Court grant its Motion to

Dismiss and enter an Order in the form attached hereto.

Respectfully submitted,

Of Counsel:                            _____
                                       David L. Comerford
                                       Jeffery A. Dailey
                                       Attorney I.D. Nos. 65969 and 85993
AKIN, GUMP, STRAUSS,                   One Commerce Square
HAUER & FELD, L.L.P.                   2005 Market Street, Suite 2200
                                       Philadelphia, PA 19103
                                       Telephone:    (215) 965-1200
                                       Facsimile:    (215) 965-1210

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY E. KIBLER,                  :
                                    :
            Plaintiff               :
                                    :      CIVIL ACTION NO.  02-CV-3010
        v.                          :
                                    :
WORLD FINANCIAL NETWORK             :
NATIONAL BANK,                      :
                                    :
            Defendant               :

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WORLD FINANCIAL NETWORK NATIONAL BANK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

### INTRODUCTION

Plaintiff claims that a World Financial Network National Bank ("World Financial"), employee, acting for his "own private benefit" and "personal gain," committed criminal acts in publishing and disclosing plaintiff's personal information to other third parties who used the information to perpetrate fraud.  Rather than seek to hold liable the individual(s) whom plaintiff claims committed the acts that harmed him, plaintiff has sued World Financial.  Realizing his initial complaint failed to state a claim against World Financial, plaintiff has now filed an amended complaint which, like his initial complaint, is deficient and must be dismissed.  Plaintiff's five count amended complaint should be dismissed in its entirety for two principal reasons.

First, Counts I through III -- unfair trade practices, breach of confidentiality, and breach of fiduciary duty -- each are based on purportedly illegal conduct of a World Financial employee, who, according to plaintiff, acted for his "own private benefit" and "personal gain", *Amended*

*Complaint at ¶¶ 18, 29*, and thus acted outside the scope of his employment.  Each Count is based on theories of vicarious liability and respondeat superior.  An employer cannot be liable on theories of vicarious liability and respondeat superior for acts committed by its employees outside the scope of their employment and for the employee's own private benefit and personal gain, and not for the benefit of the employer.

Second, each Count of plaintiff's complaint fails to state claims upon which relief can be granted and must be dismissed for additional, independent reasons, including:

- Count I fails to state a claim for violation of Pennsylvania's unfair trade practices law -- plaintiff fails to allege: (1) that World Financial engaged in any "unfair deceptive acts or practices" set forth in the statute, or (2) that plaintiff purchased a line of credit from World Financial in reliance on any representations.

- Count II fails to state a claim for breach of confidentiality -- failing to allege that World Financial, as opposed to an employee acting outside the scope of his employment for his own private benefit and personal gain, affirmatively disclosed plaintiff's information.

- Count III fails to state a claim for breach of fiduciary duty -- in Pennsylvania the ordinary borrower-lender relationship does not create a fiduciary duty, and plaintiff has not sufficiently alleged that World Financial gained significant control over plaintiff's business affairs such that it had the ability to compel plaintiff to engage in unusual transactions.

- Count IV fails to state a claim for negligence because plaintiff fails to allege (1) the source of any duty owed to plaintiff by World Financial (2) that World Financial breached any duty and (3) any connection between the injury allegedly suffered by plaintiff and any conduct of World Financial.

- Count V fails to state a claim for negligent supervision because plaintiff fails to allege that World Financial knew or had reason to know of its ability to control, and the necessity and opportunity to control the conduct of the employee plaintiff alleges committed the wrongful conduct.

## STATEMENT OF FACTS

According to plaintiff, in or about June, 2000, he applied for and received a credit card and an accompanying line of credit "extended, issued and serviced by defendant, World Financial." *Amended Complaint at ¶ 6*. In doing so, plaintiff "purchased from World Financial a line of credit at a cost of 22.8% A.P.R." *Amended Complaint at ¶ 17*. At the time plaintiff applied for the credit card and accompanying line of credit, plaintiff provided World Financial personal information, such as name, address and phone number. *Amended Complaint at ¶ 7*.

Plaintiff alleges that sometime between June of 2000 and mid-September 2000, "World Financial's agent(s), servant(s) or employee(s)…used or conspired to use detailed, confidential and personal information belonging to Plaintiff <u>for their own private benefit</u>." *Amended Complaint at ¶ 18 (emphasis added)*. Plaintiff also alleges that "World Financial's agent(s), servant(s) or employee(s) have engaged in fraudulent and/or deceptive behavior in publishing <u>for personal gain</u> detailed, confidential, personal and highly privileged information…" *Amended Complaint at ¶ 29 (emphasis added)*. Plaintiff alleges that the employee provided the information to other third-party individuals who used the information to perpetrate fraud in plaintiff's name and to open "at least twenty-two (22) credit accounts." *Amended Complaint at ¶¶ 10, 13*. A criminal investigation resulted in the arrest of at least two individuals. *Amended Complaint at ¶ 12*.

Plaintiff does not allege that World Financial actively participated in, was charged with, or otherwise implicated in, the commission of these crimes. Plaintiff also does not allege that World Financial affirmatively disclosed plaintiff's information to anyone, or benefited from any of the alleged conduct.

## ARGUMENT

**I.    COUNTS I THROUGH III MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE CONDUCT FOR WHICH WORLD FINANCIAL CAN BE HELD RESPONSIBLE.**

In Counts I through III, plaintiff claims that "World Financial is responsible for the actions of its agent(s), servant(s) and employee(s), based on the principles of vicarious liability and respondeat superior." *Amended Complaint at ¶ 26.* While plaintiff makes conclusory statements about wrongdoing on the part of "World Financial and/or its agent(s), servant(s) or employee(s)", *Amended Complaint at ¶¶ 13, 32-35, 41-43*, plaintiff states that the <u>only</u> alleged publication and/or disclosure of his information was committed by an employee of World Financial "<u>for their own private benefit</u>" and "<u>personal gain</u>". *Amended Complaint at ¶¶ 18, 29. (emphasis added).* Plaintiff does <u>not</u> allege that World Financial took <u>any</u> affirmative act to misappropriate, publish or disclose plaintiff's information -- the conduct on which Counts I through III are based.

Count I, for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), alleges only that actions were taken by the employee. *Amended Complaint at ¶ 26* ("World Financial is responsible for the actions of its agent(s), servant(s) and employee(s), based on the principles of <u>vicarious</u> <u>liability</u> and <u>respondeat</u> <u>superior</u>.") (emphasis added). Plaintiff does not allege that World Financial committed any acts that constitute a violation of the UTPCPL.

Count II, for breach of confidentiality, alleges that "World Financial and/or its agent(s), servant(s) or employee(s) acting within the scope of their employment violated this duty by releasing this confidential and personal information to third parties…" *Amended Complaint at ¶32.* Again, plaintiff does <u>not</u> allege that World Financial committed <u>any</u> <u>act</u> to release plaintiff's

information to third parties -- only that an employee did so for his own private benefit and personal gain. *Amended Complaint at ¶¶ 18, 29*.

Count III, for breach of fiduciary duty, alleges that "World Financial and/or its agents, servants or employees owed plaintiff a fiduciary duty…" *Amended Complaint at ¶ 39.* Plaintiff does not allege any conduct of World Financial breaching any such duty, (which in any event is non-existent as set forth herein).

Counts I through III of Plaintiff's Amended Complaint fail to sufficiently allege vicarious liability of World Financial for acts committed by its employees because each of these Counts is based on allegations regarding conduct committed <u>not</u> by World Financial, or for World Financial's benefit, but by individuals acting "for their own private benefit" and "personal gain". *Amended Complaint at ¶¶ 18, 29.* This is insufficient to establish vicarious liability of an employer for acts of its employees.

Plaintiff, in his amended complaint, makes conclusory statements that the alleged misappropriation of plaintiff's confidential information was done by "World Financial's agent(s), servant(s) or employee(s) while acting <u>within the scope of their employment</u>." *Amended Complaint at ¶¶ 18, 19, 25, 30, 41* (emphasis added). However, these conclusory allegations are contradicted by plaintiff's allegations that World Financial's employee was acting

for his own private benefit and personal gain.[1]

In Pennsylvania, an employer cannot be held vicariously liable for acts committed by its employees outside the scope of their employment. <u>Dee v. Marriot Int'l, Inc.</u>, No. 99-2459, 1999 U.S. Dist. LEXIS 16157, *12 (E.D.Pa. Oct. 6, 1999) (employer not vicariously liable for acts committed by employee outside scope of employment); <u>Das v. Herzog</u>, No. 92-1131, 1993 U.S. Dist. LEXIS 3654, * 13 (E.D.Pa. 1993) (same); <u>Atkinson v. Haug</u>, 622 A.2d 983, 986 (Pa. Super. 1993) (same). Conduct is within the scope of employment if, but only if: (a) it is the kind the employee is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master. <u>Brumfield v. Sanders</u>, 232 F.3d 376, 381 (3d Cir. 2000). In addition, an employer cannot be held vicariously liable for acts committed by its employees unless these acts were committed to benefit the employer. <u>Atkinson</u>, 622 A.2d at 986.

> Where an agent acts in his own interest and commits a fraud for his own benefit in a manner which is beyond the scope of his employment, the principal who has received no benefit therefrom will not be held liable for the agent's tortious act.

<u>Id.</u>

Plaintiff alleges only that an employee and third parties "…used or conspired to use detailed, confidential and personal information belonging to plaintiff <u>for their own private</u>

---

[1]        These conclusory allegations are also contradicted by allegations contained in plaintiff's original complaint which alleged that an employee of World Financial "acting <u>outside the scope of his employment</u>" published and disclosed plaintiff's personal information to third parties. *See Original Complaint at ¶¶ 11, 20 (emphasis added), attached hereto as Exhibit "A"*. It was only after World Financial moved to dismiss plaintiff's complaint that plaintiff sought to refashion facts he previously pleaded. Indeed, plaintiff's allegations in Counts I through IV are still contradicted by allegations in Count V of plaintiff's amended complaint, which still alleges that "[i]n disclosing and publishing…World Financial's agents was/were acting <u>outside the scope of his/her/their employment</u>." *Amended Complaint at ¶ 56.* A party should not be permitted to amend its complaint when it "is not seeking to add claims it inadvertently omitted from its prior complaints…[but, r]ather…is modifying its allegations in hopes of remedying factual deficiencies in its prior pleadings, even to the point of contradicting its prior pleadings." <u>See Gasoline Sales, Inc. v. Aero Oil Co.</u>, 39 F.3d 70, 74 (3d Cir. 1994) (Affirming dismissal of complaint and denying leave to file third amended complaint).

benefit" and "personal gain" *Amended Complaint at ¶¶ 18, 29 (emphasis added)*.  It is well-settled that an employee that acts for their own benefit and not that of its employee, is acting outside the scope of their employment.  See Brumfield, 232 F.3d at 381; Atkinson, 622 A.2d at 986; Dee 1999 U.S. Dist. LEXIS 16157 at *12; Das, 1993 U.S. Dist. LEXIS 3654 at *13.

Because World Financial cannot be held liable on theories of vicarious liability and respondeat superior for acts committed by its employees for their own personal benefit and private gain, and not for the benefit of World Financial, Counts I through III of plaintiff's complaint must be dismissed.

## II.    ALL COUNTS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Each Count of the amended complaint also fails to state a claim upon which relief may be granted for additional, independent reasons.

### A.    Count I Fails To State A Claim For Violation Of Pennsylvania's Unfair Trade Practices And Consumer Protection Law ("UTPCPL").

Plaintiff's UTPCPL claim must be dismissed for two additional reasons.  First, plaintiff's allegations do not fall into any of the categories of "unfair deceptive acts or practices" set forth in 73 P.S. § 201-2(4)(i)-(xxi).  Second, plaintiff has not alleged that he purchased the line of credit in reliance on any misrepresentation made by defendant.

#### 1.    Plaintiff Has Not Alleged That Defendant Engaged in Any "Unfair or Deceptive Acts or Practices" Set Forth in 73 P.S. §201-2.4(i)-(xxi)

The acts of which plaintiff complains -- an employee of defendant publishing and disclosing plaintiff's personal information outside the scope of his employment for his own

private benefit and personal gain -- do not constitute "unfair or deceptive acts or practices" supporting a claim under the UTPCPL.[2]

Plaintiff's amended complaint does not identify which section of the UTPCPL plaintiff claims World Financial violated.  To the extent plaintiff purports to assert a claim under the catch-all provision, relating to parties "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding,"  (73 P.S. §301-2.4(xxi)), the amended complaint fails to state a claim under this section.

In order to state a claim under the UTPCPL, including the catch-all provision, "plaintiff must plead a claim with the same specificity as a claim for common-law fraud."  Grant v. Kingswood Apts., No. 01-1523, 2001 U.S. Dist. LEXIS 23927, *12 (E.D. Pa. Oct. 15, 2001).

To state a claim for fraud, a plaintiff must plead:  (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity;  (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his or her damage.  Id. (citing Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir. 1992)).

Plaintiff does not identify a single misrepresentation allegedly made by World Financial. Nor does plaintiff allege that World Financial had knowledge of any false statement or that plaintiff acted upon any statements by World Financial to his damage.

Because plaintiff fails to plead any violation of the UTPCPL, Count I must be dismissed.

---

[2]       The acts upon which a claim under the UTPCPL may be based are enumerated in 73 P.S. § 201-2(4)(i)-(xxi):  passing off goods as anothers or creating confusion as to the source, affiliation, origin or sponsorship, §201-2.4(i)-(v); misrepresenting that used goods are new or of a certain quality, §201-2.4(vi)-(vii); engaging in false advertising about goods or services or disparaging goods or services of another, or engaging in "pyramid" schemes, §201.2.4(viii)-(xiii); failing to comply with the terms of any written guarantee, §201-2.4(xiv); knowingly stating that repairs are needed when they are not or making repairs inferior to the quality agreed to, §201-2.4(xvi); soliciting sales through phones or mail without complying with certain requirements §201-2.4 (vvii), (xix), using a contract which contains a confession of judgment clause, §201-2.4(xviii), or engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding, §201-2.4(xxi).

**2.    Plaintiff Does Not Allege That He Purchased the Line of Credit
From World Financial In Reliance On Any Misrepresentation**

Plaintiff claims he purchased the line of credit from World Financial to receive discounts and a savings voucher for purchases at a Today's Man clothing store.  *Amended Complaint at ¶ 6*.  Plaintiff does not allege that he did not receive the line of credit, the discounts or the voucher.  In addition, plaintiff does not allege that World Financial made any misrepresentations upon which he relied when purchasing the line of credit.

In order to state a claim under the UTPCPL a plaintiff must allege that he acted in reliance on misrepresentations by defendant.  Centennial School Dist. v. Ind. Blue Cross, No. 93-3456, 1994 U.S. Dist. LEXIS 2098, *22-23 (E.D. Pa. Feb. 28, 1994).  "Without any allegation that the plaintiff purchased in reliance upon misrepresentations, there can be no cause of action under the UTPCPL."  Id.  (citing Prime Meats, Inc. v. Yochim, 422 Pa. Super. 460, 619 A.2d 769, 774 (Pa. Super. Ct. 1993)).

Because plaintiff has failed to allege any misrepresentations by defendant or reliance by plaintiff on a misrepresentation, Count I must be dismissed.

**B.    Count II Fails To State A Claim For Breach Of Confidentiality.**

Count II for breach of confidentiality must be dismissed because plaintiff does not allege that World Financial actually "disclosed and published" or "used" plaintiff's information.  Indeed, the only alleged publication and/or disclosure of plaintiff's information was committed by an employee of World Financial and non-affiliated third parties "for their own private benefit" and "personal gain".  *Amended Complaint at ¶¶ 18, 29*.  Plaintiff bases his claim for breach of confidentiality upon respondeat superior and vicarious liability.  *Amended Complaint at ¶ 32* ("World Financial and/or its agent(s), servant(s) or employee(s) acting within the scope of their employment violated this duty…").  However, as discussed in Section I herein, World

Financial cannot be held liable under theories of vicarious liability and respondeat superior for acts committed by an employee of World Financial outside the scope of their employment "for their own private benefit" and "personal gain".  <u>See</u> Section I, <u>supra</u>.

The Court of Appeals of Oregon recently addressed claims similar to plaintiffs and held that a Bank cannot be held liable for breach of confidentiality under these circumstances.  <u>See</u> <u>Stevens v. First Interstate Bank of California</u>, 999 P.2d 551 (Ct. App. Ore. 2000).

In <u>Stevens</u>, plaintiff sued defendant Bank for its alleged failure to protect from third-party misappropriation and wrongful use, certain personal and credit information that plaintiffs had provided to their bank.  <u>Id.</u> at 551.  Like plaintiff here, the plaintiff in <u>Stevens</u> sought to hold the bank responsible for the actions of an employee who allegedly accessed plaintiff's private and confidential information and then used that information to procure numerous charge cards and loans.  <u>Id.</u> at 552.  The Court dismissed plaintiff's breach of confidentiality claim, reasoning that:

> The gravamen of the <u>tort of breach of confidentiality</u>, in Oregon and nationally is the affirmative disclosure of information by a person to whom the confidential information has been entrusted…<u>this case is not about FICAL's affirmative disclosure of information</u>.  <u>Rather, it is about the bank's alleged failure to protect information provided to it by a depositor from misappropriation by a bank employee acting outside the scope of his employment</u>.  <u>Plaintiffs identify no authority – and we have found none – that expands the tort to impose liability where the defendant has not affirmatively disclosed the "entrusted" or "confidential" information</u>.

<u>Id.</u> at 554 (emphasis added).

As in <u>Stevens</u>, plaintiff here seeks to bring a claim against World Financial for breach of confidentiality based on World Financial's alleged failure to protect information provided to it by plaintiff.  *<u>See</u> Amended Complaint ¶ at 35* ("World Financial and its agent(s), servant(s) or employee(s) have failed to exercise reasonable care in the handling and protection of detailed,

personal and highly privileged information…").  However, like the plaintiff in <u>Stevens</u>, plaintiff

has failed to allege that there was any affirmative disclosure of plaintiff's information by World

Financial.

      Because plaintiff has not alleged any publication or disclosure of plaintiff's information

by World Financial, Count II of plaintiff's amended complaint must be dismissed.

      **C.**    <u>**Count III Fails To State A Claim For Breach of Fiduciary Duty**</u>

      Count III for breach of fiduciary duty must be dismissed for the additional reason that,

under Pennsylvania law, the ordinary lender-borrower relationship does <u>not</u> create a fiduciary

duty.  <u>I & S Assoc. Trust v. LaSalle Nat'l Bank</u>, No. 99-4956, 2001 U.S. Dist. LEXIS 15223,

*22 (E.D.Pa. Sept. 26, 2001) (<u>citing</u> <u>Federal Land Bank of Baltimore v. Fetner</u>, 269 Pa. Super.

455, 410 A.2d 344, 348 (Pa. Super. 1979)).  Indeed, the only circumstance in which a claim for

breach of fiduciary duty could exist between a lender and a borrower is when the lender "gains

significant control over the debtor's business affairs" amounting to "day-to-day management and

operations of the borrower or that the lender had the ability to compel the borrower to engage in

unusual transactions."  <u>Id.</u>

      Plaintiff does not allege that World Financial gained control over his business affairs

when he purportedly purchased the line of credit from World Financial or that World Financial

engaged in the day-to-day management and operations of plaintiff's affairs.  Indeed, plaintiff

does not allege that World Financial engaged in any conduct relating to plaintiff's business

affairs.  Plaintiff claims that World Financial's fiduciary duty is "demonstrated by the effect its

unlawful actions have had on Plaintiff's financial affairs."  This is insufficient to state a claim for

fiduciary duty.

      Plaintiff does not allege what "effect" World Financial's actions have had on plaintiff,

nor does he allege that any "effect" amounted to "day-to-day management" of plaintiff's

financial affairs.  Indeed, plaintiff alleges only that "World Financial…owed Plaintiff a fiduciary duty with regard to safekeeping of [plaintiff's] information", *Amended Complaint at ¶ 39*, and that this duty was breached.  *Amended Complaint at ¶ 41.*  These allegations are insufficient to allege a claim for breach of fiduciary duty, otherwise every claim that alleges an adverse effect on plaintiff would be transformed into a breach of fiduciary duty claim.

Accordingly, plaintiff's amended complaint fails to state a claim for breach of fiduciary duty and Count VII must be dismissed.

### D.     Count V Fails to State A Claim For Negligent Supervision.

In Count V, plaintiff pleads that the conduct of the World Financial employee at issue occurred "outside the scope of his employment."  *Amended Complaint at ¶ 56.*  Section 317 of the Restatement (Second) of Torts outlines the elements necessary for a claim of negligent supervision for conduct outside the scope of employment, and provides in part:

> § 317. DUTY OF MASTER TO CONTROL CONDUCT OF SERVANT
>
> A master is under a duty to exercise reasonable care so as to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> \* \* \*
>
> (b) the master
>
> (i) <u>knows</u> or has reason to know that he has the <u>ability to control his servant</u>, and
>
> (ii) <u>knows</u> or should know <u>of the necessity and opportunity for exercising such control</u>.

Restatement (Second) Torts § 317 (emphasis added).  In addition, "to state a claim for negligent supervision, the plaintiff must show, <u>inter alia</u>, that the employee's conduct was reasonably foreseeable and that the employer had actual or constructive knowledge that the employee was

unfit for the position." Blough v. Hawkins Mkt., Inc., 51 F.Supp.2d 858, 866 (N.D. Ohio 1999).[3]

Plaintiff fails to allege that World Financial knew or had reason to know it had the ability to control its employee or that World Financial knew or should have known of the necessity and opportunity for exercising such control. Plaintiff also fails to allege that World Financial had knowledge that the World Financial employee was unfit for the position he held with World Financial.

Because plaintiff has not pleaded these necessary elements of a claim for negligent supervision, Count V must be dismissed.

### E.    Count IV Fails to State A Claim for Negligence

To state a claim for negligence, a plaintiff must allege (1) a duty that defendant owed to plaintiff; (2) a breach of that duty by defendant; (3) a causal connection between the defendant's breach and the resulting injury; and (4) injury suffered by the plaintiff. Zimmerman v. SEPTA, 168 F.3d 680, 684 (3d Cir. 1999).

Count IV of plaintiff's amended complaint fails to state a claim for negligence because plaintiff fails to allege (1) the source of any duty owed to plaintiff by World Financial; (2) a breach of any duty World Financial owed to plaintiff; and (3) any connection between the injury allegedly suffered by plaintiff and any conduct of World Financial.

Plaintiff fails to identify what duty World Financial had to protect plaintiff from third parties and employees acting outside the scope of their employment and for their own personal

---

[3]    Plaintiff pleads that defendant is located in Ohio. *Amended Complaint at ¶ 2.* Claims for negligent supervision are governed by the law of the state where the alleged negligent supervision occurred. See Evans v. Valley Forge Convention Center, No. 95-658, 1996 U.S. Dist LEXIS 12091, *13 (E.D.Pa. Aug. 15, 1996) (holding that Pennsylvania rather than New Jersey law applied because that is where the alleged negligent supervision occurred). In any event, both Pennsylvania and Ohio apply the elements set forth in the Restatement (Second) of Torts § 317. See Hutchison v. Luddy, 763 A.2d 826, 832 (Pa. Super. 2000) (applying § 317 of the Restatement); and Baab v. AMR Serv. Corp., 811 F.Supp. 1246, 1265-67 (N.D. Ohio 1993) (recognizing that Ohio applies §317 of the Restatement).

benefit and private gain.  Because plaintiff has not identified any such duty, he has also failed to

sufficiently allege any breach of this non-existent duty by World Financial.  Further, plaintiff

concedes that any injuries he suffered were the result of the actions taken by third parties and an

employee of World Financial acting not on behalf of, or for the benefit of, World Financial, but

for their own personal benefit and private gain.  Plaintiff does not and cannot allege that any of

its injuries were caused by the conduct of World Financial.

Accordingly, Count IV of plaintiff's amended complaint for negligence must be

dismissed for failure to state a claim.

## **CONCLUSION**

For each of the foregoing reasons, World Financial respectfully requests that this Court

dismiss plaintiff's amended complaint with prejudice.

Respectfully submitted,

_____

Of Counsel:                              David L. Comerford
                                         Jeffery A. Dailey
                                         Attorney I.D. Nos. 65969 and 85993
AKIN, GUMP, STRAUSS,                     One Commerce Square
HAUER & FELD, L.L.P.                     2005 Market Street, Suite 2200
                                         Philadelphia, PA 19103
                                         Telephone:     (215) 965-1200
                                         Facsimile:      (215) 965-1210

                                         Attorneys for Defendant World Financial National
                                         Network Bank

Dated:  September 27, 2002

14

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffery A. Dailey, hereby certify that on the 27th day of September, 2002, I served a true and correct copy of Defendant World Financial Network National Bank's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and Memorandum of Law in support thereof, upon the following:

<u>VIA FIRST CLASS MAIL</u>
Edwin L. Stock, Esquire
James M. Smith, Esquire
Roland & Schlegel, P.C.
627 North Fourth Street
P.O. Box 902
Reading, PA  19603-0902

_____
Jeffery A. Dailey