IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY E. KIBLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.  02-CV-3010 |
| v. | : | |
| | : | |
| WORLD FINANCIAL NETWORK | : | |
| NATIONAL BANK, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT WORLD FINANCIAL NETWORK NATIONAL BANK'S
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Plaintiff's Response to Defendant's Motion to Dismiss concedes numerous deficiencies in plaintiff's claims which require dismissal of plaintiff's complaint.

First, plaintiff concedes that a necessary element of vicarious liability is that the wrongful conduct benefit the employer.  However, plaintiff admits the alleged actions taken by an employee of World Financial were taken for the private benefit and personal gain of the employee and third persons and not for the benefit of World Financial.

Second, plaintiff argues that his negligence claim is a claim for "negligence per se" and that defendant violated sections of 15 U.S.C.A. § 6801 and regulations promulgated thereunder. This claim must be dismissed because the statute and regulations were not in effect at the time the alleged wrongful conduct was committed.

Third, plaintiff makes several concessions requiring dismissal of plaintiff's claims for Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Breach of Confidentiality, Breach of Fiduciary Duty and Negligent Supervision.

I. **PLAINTIFF CONCEDES DEFENDANT CANNOT BE VICARIOUSLY LIABLE FOR CONDUCT COMMITTED BY AN EMPLOYEE FOR THEIR OWN PRIVATE BENEFIT AND PERSONAL GAIN.**

Plaintiff does not dispute that an employer can not be held liable for acts committed by its employees unless these acts were committed to benefit the employer. *Defendant's Memorandum of Law at 6-7.* Indeed, plaintiff concedes that a necessary element of vicarious liability and respondeat superior is that the conduct "is actuated, at least in part, by a purpose to serve the employer." *Plaintiff's Brief at 5*, quoting Plavi v. Nemacolin Volunteer Fire Co., 151 Pa. Cmwlth. 587, 589, 618 A.2d 1054, 1055 (Pa. Cmwlth. 1992).

Plaintiff alleges in his complaint that the alleged wrongful conduct was committed by an employee and third persons "for their own private benefit" and "personal gain." *Amended Complaint at ¶¶ 18, 29.* Plaintiff does not allege in his complaint, nor does he argue, that the conduct of the employee benefited World Financial. Accordingly, this Court must dismiss Counts I through III of plaintiff's complaint.

II. **COUNT IV FOR NEGLIGENCE MUST BE DISMISSED BECAUSE THE STATUTE DEFENDANT ALLEGEDLY VIOLATED WAS NOT IN EFFECT AT THE TIME THE ALLEGED CONDUCT OCCURRED.**

Plaintiff argues that World Financial is negligent per se because it violated duties owed to plaintiff pursuant to 15 U.S.C.A. § 6801, et seq., and the regulations promulgated thereunder. *Plaintiff's Brief at 8-10.* Plaintiff's argument fails because this statute was not in effect at the time the wrongful conduct was allegedly committed, and therefore cannot form the basis of a claim for negligence per se.

Plaintiff alleges in his complaint that an employee of World Financial misappropriated plaintiff's confidential and personal information sometime between June and September 2000. *Amended Complaint at ¶ 10.* However, the statute and regulations that plaintiff alleges World Financial violated did not take effect until July 1, 2001. See 15 U.S.C.A. § 6801, Historical and

Statutory Notes, Effective and Applicability Provisions, attached hereto as Exhibit "A" ("Final regulations…extended <u>the date for financial institutions to be in full compliance with the regulation and this subchapter to July 1, 2001</u>.") (emphasis added).

Because 15 U.S.C.A. § 6801 and the accompanying regulations were not in effect at the time the alleged conduct occurred, defendant cannot be found liable on the theory of negligence <u>per se</u> for violations of the statute and regulations. Accordingly, this Court must dismiss Count IV of plaintiff's complaint.

**III.   PLAINTIFF MAKES SEVERAL CONCESSIONS WHICH REQUIRE THAT PLAINTIFF'S COMPLAINT BE DISMISSED.**

Plaintiff makes several concessions which require that this Court dismiss plaintiff's claims for violation of Pennsylvania's UTPCPL, Breach of Confidentiality, Breach of Fiduciary Duty and Negligent Supervision.

**A.   Violation of Pennsylvania's UTPCPL.**

Plaintiff makes three concessions which require that this Court dismiss plaintiff's claim for Violation of Pennsylvania's UTPCPL.

First, plaintiff concedes that he has not alleged fraud on the part of World Financial. Second, plaintiff admits that the conduct for which he seeks to hold World Financial liable is not an unfair or deceptive act as enumerated in the UTPCPL. Indeed, plaintiff fails to identify <u>any</u> affirmative act taken by World Financial. Third, plaintiff does not allege that <u>he</u> relied on any representations made by World Financial. Instead, plaintiff claims only that other commercial entities allegedly were confused.

        **1.**        **Plaintiff Concedes That He Has Not Alleged Fraud On the Part of World Financial.**

Plaintiff concedes that he has not pleaded the elements of fraud. Instead, plaintiff incorrectly argues that it is not necessary to plead the elements of fraud to state a claim under the UTPCPL. In support of this argument, plaintiff cites two bankruptcy cases he claims question whether pleading the elements of fraud is required. *Plaintiff's Brief at 4, n. 1*. Plaintiff does not cite, however, recent Third Circuit opinions decided <u>after</u> these bankruptcy opinions, which state unequivocally that failure to plead the elements of fraud is fatal to a claim under the UTPCPL. <u>Sponaugle v. First Union Mortgage Corp.</u>, 40 Fed. Appx. 715, 718 (2002) ("A plaintiff must prove the elements of common law fraud to prevail under the UTPCPL"); <u>Glatthorn v. Ind. Blue Cross</u>, 34 Fed. Appx. 420, 422 (2002) ("A claim under the UTPCPL has the same elements as a common law fraud claim").

Because plaintiff has failed to allege the elements of fraud, this Court must dismiss Count I of plaintiff's complaint.

        **2.**        **Plaintiff Does Not Identify An Unfair or Deceptive Act Committed By World Financial.**

Plaintiff does not allege, not does he argue that World Financial engaged in any affirmative conduct which caused harm to plaintiff. Instead, plaintiff admits that the acts complained of were committed by an employee and unaffiliated third parties acting for their own personal benefit and private gain. *Amended Complaint at ¶¶ 18, 29*.

Because plaintiff cannot identify any conduct of World Financial that constitutes an unfair or deceptive act as enumerated in 73 P.S. § 201-2(4)(i) - (xxi), he instead asks this Court to broaden the scope of this Act to hold World Financial liable for conduct it did not commit. *Plaintiff's Brief at 4, n. 1*. Plaintiff cites no case law to support such an extension of liability

under the UTPCPL and by virtue of having made this argument, plaintiff concedes that the UTPCPL does not currently extend liability to such lengths.

Because plaintiff does not identify any unfair or deceptive act committed by World Financial, this Court must dismiss Count I of plaintiff's complaint.

### 3. Plaintiff Does Not Allege That He Relied on Any Representations of World Financial.

Plaintiff does not allege that World Financial made any misrepresentations upon which he relied when purchasing the line of credit.

In order to state a claim under the UTPCPL a plaintiff must allege that <u>he</u> acted in reliance on misrepresentations by defendant. <u>Centennial School Dist. v. Ind. Blue Cross</u>, No. 93-3456, 1994 U.S. Dist. LEXIS 2098, *22-23 (E.D. Pa. Feb. 28, 1994). "Without any allegation that the <u>plaintiff</u> purchased in reliance upon misrepresentations, there can be no cause of action under the UTPCPL." <u>Id.</u> (citing <u>Prime Meats, Inc. v. Yochim</u>, 422 Pa. Super. 460, 619 A.2d 769, 774 (Pa. Super. Ct. 1993) (emphasis added)).

Unable to allege reliance on any representations made by World Financial, plaintiff instead argues that other commercial entities were confused. However, as clearly stated in <u>Centennial School Dist.</u>, plaintiff must allege that "plaintiff purchased in reliance upon misrepresentations", which he has not alleged.

Accordingly, this Court must dismiss Count I of plaintiff's complaint.

### B. Breach of Confidentiality.

In support of his claim for breach of confidentiality, plaintiff cites inapplicable caselaw and concedes that his claim must be dismissed for failure to allege that World Financial benefited from the alleged conduct.

In support of his claim for breach of confidentiality, plaintiff cites <u>McGuire v. Shubert</u>, 722 A.2d 1087 (Pa. Super. 1998). <u>McGuire</u>, however, dealt only with the liability of the employee who allegedly misappropriated the plaintiff's confidential information and <u>not</u> with the liability of a bank for the employee's conduct. The bank was not involved in the appeal and the court did not address the issue of whether the employee was acting within or outside the scope of her employment or whether the bank could also be held liable for the particular conduct at issue.

The issue in <u>Stevens</u>, not discussed in <u>McGuire</u>, was whether a bank can be held liable for breach of confidentiality when, as alleged here, the bank did not affirmatively disclose the "confidential" information, but rather the disclosure was made by an employee acting outside the scope of his employment. <u>Stevens v. First Interstate Bank of California</u>, 999 P.2d 551 (Ct. App. Ore. 2000). The Court in <u>Stevens</u> held that a bank can not be held liable under these facts. <u>Id.</u>

Indeed, if anything, <u>McGuire</u> reaffirms that plaintiff's claims, if any, should be directed at those individuals whom plaintiff alleges misappropriated and used plaintiff's information, and <u>not</u> at World Financial. In addition, plaintiff fails to allege that the complained of conduct was taken to benefit World Financial. <u>See</u> Section I. This failure also requires dismissal of plaintiff's claim for breach of confidentiality.

Accordingly, this Court must dismiss Count II of plaintiff's complaint.

**C.     Breach of Fiduciary Duty.**

Plaintiff's breach of fiduciary duty claim consists of the conclusory statement that "by obtaining Plaintiff's personal and confidential information…World Financial gained substantial control over Plaintiff's business affairs." *Plaintiff's Brief at 7*. Plaintiff does not identify any affirmative act taken by World Financial to control plaintiff's business affairs. Plaintiff alleges

6

only that third party individuals used plaintiff's information to perpetrate fraud. *Amended Complaint at ¶ 10.*

Because plaintiff has not alleged that World Financial, as opposed to unaffiliated third parties, gained substantial control over plaintiff's business affairs, this Court must dismiss Count III of plaintiff's complaint.

**D.     Negligent Supervision.**

Plaintiff alleges that World Financial is liable for negligent supervision because it should have known that the information allegedly misappropriated was valuable. *Amended Complaint at ¶ 58.* This is insufficient to establish a claim for negligent supervision.

"[T]o state a claim for negligent supervision, the plaintiff must show, inter alia, that the employee's conduct was reasonably foreseeable and that the employer had actual or constructive knowledge that the employee was unfit for the position." Blough v. Hawkins Mkt., Inc., 51 F.Supp.2d 858, 866 (N.D. Ohio 1999) (emphasis added).

Plaintiff does not allege that World Financial knew that the complained of employee was unfit for the position he held at World Financial or that the conduct of this employee was foreseeable.

Because plaintiff has not pleaded these necessary elements, this Court must dismiss Count V of plaintiff's complaint.

## **CONCLUSION**

For each of the foregoing reasons, World Financial respectfully requests that this Court dismiss plaintiff's amended complaint with prejudice.

                                        Respectfully submitted,

                                        _____

Of Counsel:                           David L. Comerford
                                        Jeffery A. Dailey
                                        Attorney I.D. Nos. 65969 and 85993
AKIN, GUMP, STRAUSS,        One Commerce Square
HAUER & FELD, L.L.P.          2005 Market Street, Suite 2200
                                        Philadelphia, PA 19103
                                        Telephone:    (215) 965-1200
                                        Facsimile:    (215) 965-1210

                                        Attorneys for Defendant World Financial Network
                                        National Bank

Dated: October 23, 2002

## **CERTIFICATE OF SERVICE**

I, Jeffery A. Dailey, hereby certify that on the 23rd day of October, 2002, I served a true and correct copy of World Financial Network National Bank's Reply Brief in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), upon the following:

**VIA FIRST CLASS MAIL**
Edwin L. Stock, Esquire
John E. Muir, Esquire
James M. Smith, Esquire
Roland & Schlegel, P.C.
627 North Fourth Street
P.O. Box 902
Reading, PA  19603-0902


_____
Jeffery A. Dailey