71262. JIM.JIM 11/1/2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY E. KIBLER, | : | CIVIL ACTION NO. 02-CV-3010 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| WORLD FINANCIAL NETWORK | : | |
| NATIONAL BANK, | : | |
| Defendant | : | |

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS RESPONSE TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

In his Amended Complaint, Plaintiff alleged that Defendant, World Financial Network National Bank ("World Financial"), owed Plaintiff a duty

> to establish and institute reasonable administrative, technical and physical safeguards and security measures, including but not limited to those involving the supervision of its agents, servants and employees: (a) to insure the security and confidentiality of customer records and information; (b) to protect against any anticipated threats or hazards to the security or integrity of such records; and (c) to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer, including Plaintiff.

Plaintiff's Amended Complaint, ¶45. Plaintiff also alleged that World Financial breached this duty by failing "to establish adequate and reasonable safeguards and procedures, and to take reasonable security steps necessary to protect Plaintiff's detailed, confidential and personal information from being disclosed and published to third parties without his consent." Plaintiff's Amended Complaint, ¶46. Plaintiff also alleged that this breach was the proximate cause of substantial harm suffered by Plaintiff. Plaintiff's Amended Complaint, ¶¶ 47, 48, 50.

1

Plaintiff has sufficiently plead a cause of action for negligence. Count IV of Plaintiff's Amended Complaint was simply titled "Negligence". "Negligence *per se* is not a distinct cause of action in tort, but rather an evidentiary presumption that, in certain circumstances, a defendants mere breach of a statutes requirements is proof of a breach of its duty of care." Daniel Boone Area School District v. Lehman Bros., Inc., 187 F.Supp.2d 400, 407 (W.D.Pa. 2002) (citing W. Page Keeton, et al., Prosser & Keeton on Torts 229-31 (5th ed. 1984)). "It is immaterial to the question of negligence whether the violated standard of conduct is established by statute or by the common law so long as it is established by either." Armit v. Loveland, 115 F.2d 308, 312 (3rd Cir. 1940).

Plaintiff reserves for another time, the argument that 15 U.S.C.A. § 6801 and the regulations promulgated thereunder are admissible as evidence in demonstrating the standard of care that World Financial owed to Plaintiff and other customers similarly situated.[1] For purposes of disposing of Defendant's Motion to Dismiss instantly before the court, it is enough that Plaintiff has averred negligence, whether by statute or by the common law, and done so adequately.

---

[1] Although the regulations promulgated under 15 U.S.C.A. § 6804 extended the deadline for financial institutions to be in compliance with the regulations to July 1, 2001, the statute was enacted on November 12, 1999.

Plaintiff has, therefore, sufficiently set forth in his Amended Complaint a cause of action for negligence and negligent supervision, and Defendant's Motion to Dismiss should therefore be denied.

        Respectfully submitted,
        ROLAND & SCHLEGEL, P.C.

By: _____
        Edwin L. Stock, Esquire
        Attorney I.D. # 43787
        John E. Muir
        Attorney I.D. # 70590
        627 North Fourth Street
        P.O. Box 902
        Reading, PA 19603-0902
        (610) 372-5588